*Complaint*                                                                                      *2015*

Scott E. Scioli (State Bar No. 201860)
scott@pinnacleiplaw.com
PINNACLE IP STRATEGIES, LLC
795 E. Lancaster Avenue, Suite 200
Villanova, PA 19085
Telephone: (920) 474-6622

Attorney for Plaintiff
CeeLite Technologies, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CEELITE TECHNOLOGIES, LLC,** | ) | **CASE NO. _____** |
| | ) | |
| | ) | **COMPLAINT FOR TRADEMARK** |
| **Plaintiff,** | ) | **INFRINGEMENT, UNFAIR** |
| | ) | **COMPETITION, FALSE ADVERTISING,** |
| **v.** | ) | **UNJUST ENRICHMENT, AND** |
| | ) | **CYBERSQUATTING** |
| **SEELITE, LLC, JOSHUA BRADLEY,** | ) | |
| **CALEB JONES, and DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | **DEMAND FOR JURY TRIAL** |

Plaintiff CeeLite Technologies, LLC appearing through undersigned counsel, states as follows:

**NATURE OF THIS ACTION**

1.      This is an action for trademark infringement, false advertising, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. ("Lanham Act") (including sections 1114, 1116, 1117, 1125(a)), and for violations of the AntiCybersquatting Consumer Protection Act 15 U.S.C. §§ 1125(d) *et seq*., as well as for trademark infringement, unfair competition, and unjust enrichment under the statutory and common law of Pennsylvania.

*Complaint*                                                                                                          *2015*

## PARTIES

2.      Plaintiff CeeLite Technologies, LLC ("CeeLite Tech") is a Pennsylvania entity having a principal place of business at 795 E. Lancaster Avenue, Suite 200, Villanova, Pennsylvania, 19085. CeeLite manufactures and sells light fixtures and lighting panels, including LED light fixtures for a variety of commercial, industrial, and other purposes throughout the United States.

3.      On information and belief, Defendant SeeLite, LLC. ("SeeLite") is an Arkansas entity with a place of business at 2290 SR 333, Russellville, Arkansas 72802 and/or at 1502 Bailey Loop Road Russellville, AR 72802-9510, and has actively participated in the acts complained of herein.  SeeLite describes itself as a "manufacturer of LED fixtures."

4.      On information and belief, individual Defendants, Joshua Bradley, Caleb Jones, and Does 1-10 (collectively the "Individual Defendants") are the principals, members, or managers of SeeLite and/or owners of an interest in SeeLite, and are each personally liable for the acts complained of herein at least because each personally participated in the complained of acts and because SeeLite is not currently and/or was not an entity in good standing with the state of Arkansas during the relevant period(s).  See Exhibits 1 & 2.  On information and belief, the true identity of Does 1-10 will be determined during the course of this litigation. SeeLite and the Individual Defendants are collectively referred to as the "Defendants".

5.      The Individual Defendants each acted with actual knowledge or constructive knowledge of SeeLite's legal status or lack thereof, and are and should be jointly and severally liable for all damages suffered by CeeLite.

## JURISDICTION OF THE COURT; VENUE

6.      This Court has original jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

7.      The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Accordingly, this Court also has subject

matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(3).

8.      Venue is proper in this district under 28 U.S.C. sections 1391.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### CEELITE AND ITS MARKS

9.      CeeLite is in the business of offering a wide array of lighting-related goods and services, including packing and shipping supplies, in connection with marks CEELITE and CEELITE (Design) ("the CEELITE Marks"). The CEELITE Marks are owned by solely by CEELITE.

10.     CeeLite, through its predecessor(s) in interest, commenced use of the CEELITE Marks in connection with its products and services at least as early as 2003. Since that time, the CEELITE Marks have been continually used in commerce by CeeLite and/or its predecessor(s) in interest.

11.     Each of the CEELITE Marks serves to identify and indicate the source of CeeLite's goods and services to the consuming public, and to distinguish its goods and services from those of others. Over the years, CeeLite has prominently used and promoted the CEELITE Marks in advertising, promotion, and various other ways in traditional media, online, and in its packaging.  CeeLite sales and advertising expenditures under the CEELITE Marks have been extensive. CeeLite has invested considerable effort and resources in advertising and promoting its business under the CEELITE Marks.

12.     As a result of CeeLite's long usage and promotion of the CEELITE Marks, the CEELITE Marks have acquired distinctiveness to designate CeeLite as a source of such goods or services, and they distinguish CeeLite and its goods and services from those of others. The CEELITE Marks are known and recognized to consumers  of such goods or services. CeeLite has developed exclusive and valuable goodwill, a valuable reputation, and strong federal and common-law rights in the CEELITE Marks as a result of the usage and promotion of the CEELITE Marks.

13.     In accordance with the provisions of the Lanham Act, Plaintiff has registered the CEELITE

*Complaint*                                                                                              *2015*

Marks on the Principal Register of the United States Patent and Trademark Office.

14.     On March 27, 2008, CeeLite's predecessor applied for and later received U.S. Trademark Registration No. 3,825,621 ("the '621 Registration"), which grants CeeLite the exclusive right to use the mark CEELITE (Standard Characters), or any confusingly similar mark (or colorable imitations), in connection with "lighting fixtures in the nature of lighting panels", and in connection with related goods. The application related back to U.S. Trademark Registration No. 2,879,018 first applied for on September 23, 2003 by CeeLite's predecessor.

15.     Also on March 27, 2008, CeeLite's predecessor applied for and was later awarded U.S. Trademark Registration No. 3,897,615 ("the '615 Registration"), which grants CeeLite the exclusive right to use the mark CEELITE (Word & Design), or any confusingly similar mark (or colorable imitations), in connection with "lighting fixtures in the nature of lighting panels", and in connection with related goods.

16.     Copies of these registrations are attached to the Complaint as Exhibits 3 and 4 and are incorporated herein by reference.  The registrations identified above are valid and subsisting.

17.     Pursuant to the Lanham Act, CeeLite's registrations identified above constitute *prima facie* evidence of:
    (a)     the validity of the CEELITE Marks and of the  registration of those marks;
    (b)     CeeLite's ownership of the CEELITE Marks; and
    (c)     CeeLite's exclusive right to use the Marks on or in connection with the goods and
services stated in the registration.  15 U.S.C. §§ 1057(b) and 1115(a).

18.     CeeLite's registrations also constitute constructive notice of CeeLite's claim of ownership of the CEELITE Marks. See 15 U.S.C. § 1115(a).

## DEFENDANTS' ACTIVITIES

19.     On information and belief, long after CeeLite began using its CEELITE Marks and after CeeLite had federally registered the CEELITE Marks, Defendants began operating a business under

*Complaint*                                                                                                          *2015*

the name "SeeLite, LLC." Defendant SeeLite's business is based in Russellville, Arkansas, however
Defendants advertise, promote, and sell their infringing products in interstate commerce under the
name "SeeLite" including online, e.g. through its website(s) at *http://seeliteleds.com* and
*http://seelite.myshopify.com*. Further, on information and belief, at or around the same time,
Defendants began using social media including Facebook, Instagram, and YouTube to promote its
infringing uses of "SeeLite," a colorable imitation of the CEELITE Marks, in connection with
lighting fixtures nationally.

20.     Defendants operate their business and distribute products under a name that is virtually
identical to CeeLite's Marks.  Moreover, Defendants import, offer for sale, sell, and distribute
"SeeLite"-branded goods that fall exactly within the description of goods listed in CeeLite's
registration, evidencing Defendants' intent to tread directly and purposively on the CEELITE Marks,
as well as to trade on CeeLite's goodwill by creating consumer confusion.

21.     On information and belief, long after CeeLite began using its CEELITE Marks and after
CeeLite had federally registered the CEELITE Marks, Defendants registered and maintained several
online properties in furtherance of their infringing activities. These properties include domains,
websites, social media accounts, and the like each of which include promotion, advertising, offers
for sale, and selling of infringing goods or services.  The domains and websites include at least the
URLs *http://seeliteleds.com* and *http://seelite.myshopify.com*.  Defendants continue to control and
maintain these online properties to perpetuate the activities complained of herein.

22.     The use of "SeeLite" or any colorable imitation of the CEELITE Marks as part of a domain
name for use in connection with lighting fixtures is confusingly similar to the CEELITE Marks and
is readily confused by the public searching for CeeLite or attempting to reach CeeLite's domain at
*ceelite.com*.  Moreover, "SeeLite" is an intentional misspelling of "CeeLite" and its use was
intended to capitalize on CeeLite's goodwill and/or reputation, cause typo or similar confusion, was
used by Defendants with malice or reckless disregard for CeeLite's rights, or creates a likelihood of
confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' domain and
website.

*Complaint* *2015*

23.     On information and belief, the registration and ongoing use of these domains and other online properties was in bad faith and Defendants had no bona fide or legitimate business purpose or justification for doing so.  Moreover, Defendants' registration of the domain at *seeliteleds.com* is via an offshore registrar, and their use of a whois privacy service in intended to obfuscate the ownership of their domain(s) and their activities.  These are further indicators of bad faith registration and use.

24.     The websites include and/or are written in hypertext markup language ("HTML"), and include encoded words, phrases and other material that are searched by, recognized by, and stored in the databases of Internet search engines.  One example of such HTML code is attached hereto as Exhibit 5.

25.     Defendants use the terms "SeeLite," "fixtures," "light fixtures," "LED fixtures," "Premium LED Lighting" and the like on its websites to generically describe its products and services and its infringing light fixtures to maximize the association between their use of "SeeLite" and its use in connection with lighting fixtures.

26.     Defendants also include the following language on their websites and in the HTML code to further the association between their use of "SeeLite" and goods and services in connection with lighting fixtures:  "Looking for an LED solution? Let us help you with our wide variety of LED fixtures. We sell almost any fixture you can imagine, all built from the highest quality materials,. . ."

27.     Defendants' use of the terms "SeeLite," "fixtures," "light fixtures," "LED fixtures" "Premium LED Lighting" in the HTML code of its websites as metatags and/or searchable text so that web portals, search engines and/or directories will direct traffic to SeeLite's Web site.  These activities are calculated to increase profits to SeeLite and to divert traffic away from CeeLite's online activities.

28.     In addition to these directly infringing activities, Defendants have recruited, enlisted, and promote on an ongoing basis a substantial number of retail dealers ("Dealers") on the SeeLite website(s) and in other locations throughout the Internet. See Exhibit 6.  Defendants have thus further infringed the CEELITE Marks by actively and knowingly inducing the Dealers to advertise,

promote, offer for sale, and sell goods that Defendants know are infringing the CEELITE Marks. Defendants are directly and contributorily liable for such infringements.

29.     Defendants have further infringed the CEELITE Marks through their use of the hashtag "#seelite" on social media sites such as Twitter, Instagram, and Facebook in connection with lighting fixtures.  A hashtag comprises a word or group of words following a number sign "#" on social networking and microblogging services.  Such hashtags are a form of metadata, which makes it easier for users to find messages with a specific theme or content. They are used a branding tool and/or to encourage users to share content including the brand name and/or to become brand evangelists.

30.     In addition to their direct use of such hashtags, Defendants have actively induced others to participate in the complained of activities by encouraging the use of the hashtag "#seelite" by simple request, and by incentivizing consumers or users to use the hashtag "#seelite", e.g. by sponsoring contests or the like amongst consumers or users

31.     Defendants' use of such hashtags, the domains, and the websites, like its other complained of activities, was knowing, intentional, in bad faith, and undertaken with malice, or wanton and reckless disregard of CeeLite's rights.  Defendants

32.     Plaintiff has objected to Defendants' infringing uses of the CEELITE Marks, but Defendants have not ceased its unauthorized uses of the CEELITE Marks.

33.     On information and belief, Defendants intend to continue its unauthorized imitation of CeeLite's Marks.

34.     Defendants' use in commerce of "SeeLite" or any colorable imitation of the CEELITE Marks in connection with lighting fixtures or lighting panels is without the permission, license, or authority of CeeLite.  Such use is confusingly similar to CeeLite's federally-registered CEELITE Marks.

35.     Defendants began their infringing uses of "SeeLite" and/or the CEELITE Marks with full

*Complaint*                                                                                          *2015*

knowledge of CeeLite's prior registration and use of the CEELITE Marks.  On information and belief, Defendants undertook these actions with the intent of confusing consumers, and with complete disregard of CeeLite's rights with respect to the CEELITE Marks so that Defendants could trade on and/or receive the benefit of the CEELITE Marks and goodwill built up by CeeLite at great labor and expense over many years.

36.      Defendants are using "SeeLite" and/or the CEELITE Marks in connection with lighting fixtures or lighting panels in commerce in the United States, and in this District, in an effort to trade on the CEELITE Marks and CeeLite's valuable goodwill.

37.   Defendants began its infringing activities long after CeeLite began use of the CEELITE Marks, and long after CEELITE Marks were registered, and long after the CEELITE Marks acquired distinctiveness, both in this District and throughout the United States.

**EFFECT OF DEFENDANTS' ACTIVITIES ON
THE CONSUMING PUBLIC AND/OR CEELITE**

38.      The use of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the Parties, at least as to some affiliation, connection, or association of Defendants with CeeLite, or as to the origin, sponsorship, endorsement, or approval of the goods and/or services of Defendants by CeeLite.

39.      Use in commerce of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above is likely to weaken the distinctive quality of the CEELITE Marks and/or dilute the Marks.

40.      Use of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above falsely indicates to the purchasing public that the goods and/or services of Defendants are manufactured by or originate with CeeLite, or are affiliated, connected, or associated with CeeLite, or are sponsored, endorsed, or approved by CeeLite, or are in some manner related to

CeeLite.  Defendants' use creates false impressions in the minds of consumers regarding an affiliation between SeeLite and CeeLite.

41.     Use of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above falsely designates the origin of the goods and/or services of Defendants, and falsely and misleadingly describes and represents material facts with respect to the goods, websites, social media, and/or other commercial activities of Defendants.  Defendants' use misleads consumers and confuses purchasing decisions.

42.     Use of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above enables Defendants to trade on and receive the benefit of the valuable goodwill in those marks, which CeeLite has built up at great labor and expense over many years. Use of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above also has enabled and continues to enable Defendants to gain acceptance for its goods and/or services, not solely on its own merits, but on the reputation and goodwill of CeeLite and the CEELITE Marks.

43.     Use of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above unjustly enriches Defendants at CeeLite's expense.

44.     Use of "SeeLite" or any colorable imitation of the CEELITE Marks by Defendants in the manner described above prevents CeeLite from controlling the nature and quality of goods and services provided under those marks and places the valuable reputation and goodwill of CeeLite in the hands of Defendants, over whom CeeLite has no control.

45.     Defendant's use of the domains, website, social media sites, and/or other online properties, as well as the hashtags as they relate to "SeeLite" or any colorable imitation of the CEELITE Marks in the manner described above improperly diverts legitimate traffic from CeeLite to Defendants.

46.     The activities of Defendants have caused irreparable injury to the public and to CeeLite, including at least to its business, reputation, and goodwill, and, unless restrained by this Court,

*Complaint*                                                                                            *2015*

Defendants' activities will continue to cause irreparable injury to CeeLite and to the public. There is no adequate remedy at law for these injuries.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

47.     Plaintiff repeats the allegations from paragraphs 1-46 above.

48.     The acts of Defendants complained of herein constitute infringement of federally registered the CEELITE Marks in violation of 15 U.S.C. § 1114(1).

49.     The acts of Defendants described herein have been willful, and in bad faith, with the knowledge that their activities are intended to cause confusion, to cause mistake, and to deceive, and are attended by circumstances of malice or of a wanton and reckless disregard for CeeLite's rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

50.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

### COUNT II: CONTRIBUTORY TRADEMARK INFRINGEMENT

51.     Plaintiff repeats the allegations from paragraphs 1-50 above.

52.     The complained of acts of Defendants herein with respect to the Dealers constitute contributory infringement of federally registered the CEELITE Marks in violation of 15 U.S.C. § 1114(1).

53.     The acts of Defendants described herein have been active, knowing, and intentional, as well as willful, and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

54.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

### COUNT III: FEDERAL COMMON LAW TRADEMARK INFRINGEMENT

55.     Plaintiff repeats the allegations from paragraphs 1-54 above as if fully set forth herein.

56.     The acts of Defendants complained of herein constitute trademark infringement of the CEELITE Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT IV: FEDERAL UNFAIR COMPETITION

58.     Plaintiff repeats the allegations from paragraphs 1-57 above as if fully set forth herein.

59.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, I 5 U.S.C. § 1125(a).

60.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT V: FEDERAL FALSE ADVERTISING

61.     Plaintiff repeats the allegations from paragraphs 1-60 above as if fully set forth herein.

62.     The acts of Defendants complained of herein constitute false advertising and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## COUNT VI: VIOLATION OF THE ANTICYBERSQUATTING
## CONSUMER PROTECTION ACT (Section 43(a) of the Lanham Act)

64.     Plaintiff repeats the allegations from paragraphs 1-63 above as if fully set forth herein.

65.     The acts of Defendants complained of herein constitute violations of the Anticybersquatting Consumer Protection Act (ACPA), Section 43(d) of the Lanham Act, I 5 U.S.C. § 1125(a).

66.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

*Complaint* *2015*

### COUNT VII: COMMON LAW TRADEMARK INFRINGEMENT

67.     Plaintiff repeats the allegations from paragraphs 1-66 above as if fully set forth herein.


68.     The acts of Defendants complained of herein constitute trademark infringement in violation of the common law of Pennsylvania.


69.     The acts of Defendants have been conducted maliciously, fraudulently, deliberately, and intentionally to divert sales from Plaintiff and inflict injury on Plaintiff.


70.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.


### COUNT VIII: UNFAIR COMPETITION UNDER STATE LAW

71.     Plaintiff repeats the allegations from paragraphs 1-70 above as if fully set forth herein.


72.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Pennsylvania.


73.     The acts of Defendants have been conducted with the intent, purpose and effect of procuring an unfair competitive advantage over CeeLite by misappropriating the valuable goodwill developed by CeeLite in the CeeLite Marks.


74.     CeeLite has sustained irreparable harm to its business, reputation, and goodwill, and, unless Defendants are enjoined and restrained by this court, Defendants will continue in the activities alleged herein and as a result thereof, CeeLite will continue to sustain irreparable harm to its business, reputation and goodwill.


75.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.


### COUNT IX: DILUTION UNDER STATE LAW

76.     Plaintiff repeats the allegations from paragraphs 1-75 above as if fully set forth herein.

77.     The CEELITE Marks have acquired distinctiveness after more than a decade of continuous use by CeeLite and its predecessors in interest.

78.     The CEELITE Marks and are famous in the Commonwealth of Pennsylvania.

79.     The acts of Defendants complained of herein constitute dilution in violation of the common law of Pennsylvania and 54 Pa. Cons. Stat. § 1124.

80.     The acts of Defendants have caused dilution of the CeeLite Marks and diminished the distinctiveness thereof.

81.     CeeLite has been irreparably harmed by the acts of Defendants, and will continue to be harmed unless Defendants' are enjoined and restrained from such conduct.

82.     Defendants have willfully intended to trade on CeeLite's reputation and/or to cause dilution of the CEELITE Marks for their own commercial gain, or done so with wanton and reckless disregard of CeeLite's rights in the CEELITE Marks.

## COUNT X: UNJUST ENRICHMENT

83.     Plaintiff repeats the allegations from paragraphs 1-82 above as if fully set forth herein.

84.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Plaintiff's expense.

85.     Plaintiff has been damaged by the acts of Defendants in an amount currently unknown.

## PRAYER FOR RELIEF

WHEREFORE, CeeLite Tech and Provco Group pray for entry of judgment against Defendant as follows:

1.     Defendants, (including the Individual Defendants, as well as SeeLite, LLC and its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with

them) be preliminarily and permanently enjoined and restrained:

(a)      From using "SeeLite" or the CEELITE Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, URL, hashtag, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the CEELITE Marks;

(b)      From advertising, promoting, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing, or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers, hashtags, and the like, as well as any goods (products, samples, and the like) containing "SeeLite" or the CEELITE Marks  (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation;

(c)      From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing "SeeLite" or the CEELITE Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the CEELITE Marks;

(d)      From recruiting, enlisting, promoting or inducing any third party, with or without compensation or remuneration, including the Dealers, to undertake any advertising, promoting, selling, or distributing (whether in physical or electronic form), any and all advertisements, marketing, or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers, hashtags, and the like, as well as any goods (products, samples, and the like) containing "SeeLite" or the CEELITE Marks  (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation;

(e)      From registering, holding, buying, selling, or controlling any domain, website, social media site, media channel, or other Internet site that displays, advertises, promotes, offers for sale, or sells, any and all advertisements, marketing, or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers, hashtags, and the like, as well as any goods (products, samples, and the like) containing "SeeLite" or the CEELITE Marks  (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation;

(f)      From manufacturing or importing any goods (products, samples, and the like) containing "SeeLite" or the CEELITE Marks  (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any other mark, name, or designation;

(g)      From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe the CEELITE Marks;

(h)      From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of CeeLite's rights in the CEELITE Marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of CeeLite by, with, or of Defendants, and;

(i)      From conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

2.      Consistent with paragraph l above,

(a)      Defendants be ordered to remove from sale or display, and recall, any and all products, catalogs, advertisements, and any other items or goods bearing "SeeLite" or the CEELITE Marks, or any word or words confusingly similar thereto.

(b)      Defendants be also be ordered submit to the Court and serve upon Plaintiff within 30 days after the entry and service of an injunction, a written report detailing gross sales of any goods or services in connection with "SeeLite" or the CEELITE Marks, or any word or words confusingly similar thereto, and providing a proper accounting thereof.

3.      Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, building design(s), packages, wrappers, catalogs, Internet websites, social media pages, and any other materials in its possession or control bearing or depicting "SeeLite" or the CEELITE Marks (or any variation thereof, whether alone or in combination with any other word(s) or element(s)).

4.      Defendants be ordered to cancel or cause to be cancelled and pending U.S. Trademark Applications in connection with "SeeLite" or "SeeLite LEDs".

5.      Defendants be ordered to turn over to Plaintiff any and all domains in their control that

comprise "SeeLite" or any colorable imitation of the CEELITE Marks.

6.      Defendants be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

7.      Defendants be ordered to immediately cancel or terminate any and all contracts for manufacturing, shipping, importation, distribution, advertising, or promotion in connection with any products branded or labeled with "SeeLite" of any colorable imitation of the CEELITE Marks

8.      Plaintiff recovers all damages it has sustained as a result of the activities of Defendants.

9.      Pursuant to 15 U.S.C. § 1117, CeeLite be awarded treble damages and attorneys' fees for willful infringement.

10.     A full and proper accounting be directed to determine the profits of Defendants resulting from the activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

11.     Defendants be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

12.     Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorney fees.

13.     Plaintiff be awarded prejudgment and post-judgment interest.

14.     Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.