IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEELITE TECHNOLOGIES, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEELITE, LLC, et al. | : | NO. 15-4342 |
| | : | |

ORDER

AND NOW, this 5th day of September 2016, upon consideration of Defendants' Second Motion to Dismiss for Lack of Jurisdiction (Doc. No. 16), Plaintiff's Response in Opposition (Doc. No. 17), and Defendants' Reply (Doc. No. 20), it is hereby ORDERED that Defendants' motion is GRANTED for the following reasons.

I.      Legal Standard of Review

When a defendant challenges this court's personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). Such burden must be established "through sworn affidavits or other competent evidence." Scott v. Lackey, 587 F. App'x 712, 716 (3d Cir. 2014). In fulfilling its burden "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

Federal district courts can assert personal jurisdiction over any individual "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Under the Pennsylvania long-arm statute, jurisdiction exists "to the fullest extent allowed under the Constitution of the United States and may be based on

the most minimum contact with [Pennsylvania] allowed under the Constitution of the United States." 42 Pa. Cons. Stat. § 5322(b). The Due Process Clause of the Fourteenth Amendment requires that courts only claim personal jurisdiction over non-resident defendants who have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation marks and citations omitted). Ultimately at issue is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The finding of minimum contacts ensures that defendants have had "fair warning" that their conduct subjects them to another state's jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

     Personal jurisdiction assertions over a non-resident defendant take two recognized forms: (1) general jurisdiction and (2) specific jurisdiction. General jurisdiction exists when a defendant's contacts with a forum state are "so continuous and systematic as to render them essentially at home" in that state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). Specific jurisdiction exists "when the claim arises from or relates to conduct purposely directed at the forum state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). A three-part inquiry is traditionally used to determine whether specific personal jurisdiction exists. Id. First, "the plaintiff must show that the defendant 'purposefully directed [its] activities' at the forum" state. Corigliano v. Classic Motor, Inc., 611 F. App'x 77, 79 (3d Cir. 2015) (quoting Burger King, 471 U.S. at 472). Second, plaintiff's claims must "arise out of or relate to" at least one of the specified activities. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Third, if the preceding two

requirements are met, "the court then considers whether the exercise of jurisdiction would 'comport with fair play and substantial justice.'" Corigliano, 611 F. App'x at 80 (quoting Burger King Corp., 471 U.S. at 476).

In this case, Plaintiff also invokes the "effects test" articulated in Calder v. Jones, 465 U.S. 783 (1984) as an alternative basis of establishing specific personal jurisdiction beyond the traditional three-part inquiry. However, as the Third Circuit clarified in Marten v. Godwin, 499 F.3d 290 (3d Cir. 2007), "the effects test and traditional specific jurisdiction analysis are different, but they are cut from the same cloth." Id. at 297. While the traditional test requires the defendant to have "purposefully availed" itself of the forum, the effects test requires the defendant to have "expressly aimed" its conduct at the forum. See IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 266 (3d Cir. 1998). Under either test, a key component for a finding of personal jurisdiction is "intentionality." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455 n.6 (3d Cir. 2003).

When dealing with contacts occurring over the internet, the "likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of [the] commercial activity" occurring online. Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Online contacts form a "sliding scale" of significance. Id. On one end of the scale, personal jurisdiction is properly supported by "knowing and repeated transmission[s]" over an online medium, while on the other end, contact generated by a website that "does little more than make information available to those who are interested in it" is insufficient for supporting jurisdiction. Id. The Third Circuit has since endorsed this sliding-scale approach in its Toys "R" Us decision. Doe v. Hesketh, 15 F. Supp. 3d 586, 594 (E.D. Pa. 2014). To demonstrate the intentionality required for personal jurisdiction through such online contacts,

a defendant must "directly target[] its web site to the state" or "knowingly interact[] with residents of the forum state via its web site." Toys 'R' Us, 318 F.3d at 454). Lastly, a defendant's online, knowing interactions with forum residents must be sufficiently numerous to meet the minimum bar for a finding of specific personal jurisdiction. Id. at 455 (citing Machulsky v. Hall, 210 F.Supp.2d 531, 542 (D.N.J.2002)).

II.   Discussion

Since Defendants Joshua Bradley and Caleb Jones have challenged this court's personal jurisdiction, plaintiff bears the burden to prove by a preponderance of the evidence that jurisdiction exists. See Carteret Sav. Bank, 954 F.2d at 146. Plaintiff contends that specific personal jurisdiction exits for each defendant under either the traditional three-party inquiry or, in the alternate, the Calder "effects test." However, the limited competent evidence plaintiff presents fails to show the requisite intentionality under either test for either defendant.

A.  Joshua Bradley

Defendant Joshua Bradley's alleged contacts with Pennsylvania are limited to: (1) an online forum posting to a non-Pennsylvania specific website, on which Pennsylvania residents are alleged to have "extensive participation," (Doc. No. 17-2, at 14) but no purported Pennsylvania resident responded (Doc. No. 17-2, Ex. 9); (2) an online post in the "feedback" section of SeeLite's website where he relayed the comments of an unspecified SeeLite customer (Doc. No. 17-2, Ex. 1); and (3) a SeeLite product installation video posted to defendant's individual YouTube account, which bears the SeeLite logo (Doc. No. 17-2, Ex. 11). It is not evident from Plaintiff's brief how any of these instances are meant to qualify as contacts with the state of Pennsylvania. Online posts to three different web sites—none of which cater specifically to Pennsylvania residents as opposed to a national audience—do not demonstrate intent by

Defendant Bradley to either purposefully avail himself of the privileges of conducting business in Pennsylvania or to expressly aim his conduct at Pennsylvania. Each of Defendant Bradley's actions could equally apply to any state which has access to the internet, based on Plaintiff's line of reasoning.

    B.  Caleb Jones

Defendant Caleb Jones's alleged contacts with Pennsylvania are limited to the posting of six total threads on two non-Pennsylvania specific online forums. (Doc. No. 17-2, Ex. 3–8). For each post, numerous commenters who self-identify as residing in various states respond, at least one of which self-identifies as a Pennsylvania resident. The contents of two of the posts also imply that Defendant Jones either received or sent a "private message" with a self-identified Pennsylvania resident (Doc. No. 17-2, Ex. 3, 5), but the existence and contents of such messages are unknown.

As is the case with Defendant Bradley, none of the contacts put forward by Plaintiff demonstrate intent by Defendant Jones to purposefully avail himself of the privileges of conducting business in Pennsylvania. All that is shown by Plaintiff is a handful of instances where a potential Pennsylvania resident read a nationwide advertisement posted by the defendant. See Zippo Mfg. Co., 952 F. Supp. at 1124 ("defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions"); Fatouros v. Lambrakis, 627 F. App'x 84, 87–88 (3d Cir. 2015) ("postings in Internet forums that could be read by individuals in [the forum state] are insufficient bases for personal jurisdiction"). Beyond the six original, non-Pennsylvania directed posts, Plaintiff has not shown that private messages were, in fact, exchanged between Defendant and a Pennsylvania resident nor has Plaintiff shown that any sale resulted from such communication. However, even if such a showing existed,

Plaintiff would still fail to demonstrate that Defendant Jones purposefully availed himself of Pennsylvania, as "minimal correspondence . . . by itself or even in conjunction with [a] single purchase, does not constitute sufficient minimum contacts." Toys "R" Us, 318 F.3d at 455 (3d Cir. 2003) (quoting Machulsky, 210 F.Supp.2d at 542).

    III.    Conclusion

Plaintiff's claims against Defendants Joshua Bradley and Caleb Jones are hereby DISMISSED for lack of personal jurisdiction.

        BY THE COURT:

        /s/ Legrome D. Davis
        Legrome D. Davis, J.